UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

3M COMPANY,

    Plaintiff,

v.

CENTRAL PURCHASING, LLC AND
HARBOR FREIGHT TOOLS USA,
INC.,

    Defendants.

Civil Action No. _____

**JURY TRIAL DEMANDED**

### 3M COMPANY'S COMPLAINT FOR TRADEMARK INFRINGEMENT, DILUTION, UNFAIR COMPETITION AND UNJUST ENRICHMENT

Plaintiff 3M Company ("3M Company" or "3M"), appearing through its undersigned counsel, states as follows:

### PARTIES

1. 3M Company is a Delaware corporation having its principal place of business at 2501 Hudson Rd., St. Paul, Minnesota 55144.

2. On information and belief, Defendant Central Purchasing, LLC ("CP") is a California limited liability company having a principal place of business at 26541 Agoura Boulevard, Calabasas, California 91302.

3. On information and belief, Defendant Harbor Freight Tools USA, Inc. ("HFT") is a Delaware corporation having a principal place of business at 3491 Mission Oaks Boulevard, Camarillo, California 93012.

4. On information and belief, HFT is a subsidiary of CP and CP controls and

directs the infringing acts of HFT. Collectively these parties will be referred to as "Defendants."

## NATURE OF THIS ACTION; JURISDICTION OF THE COURT; VENUE

5. This is an action for trademark infringement, dilution, and unfair competition under the Trademark Act of 1946, as amended, 15 U.S.C. § 1051 *et seq.* ("Lanham Act"), for trademark dilution under the Minnesota Anti-Dilution Statute, Minn. Stat. Ann. § 333.285 and the dilution statutes of other states where Defendants are conducting their activities, and for trademark infringement, unfair competition and unjust enrichment under the common law of Minnesota and other states where Defendants are conducting their activities.

6. This Court has jurisdiction over the subject matter of this action under 15 U.S.C. § 1121 and 28 U.S.C. § 1331 and 1338 (a) and (b), and has supplemental jurisdiction under 28 U.S.C. § 1367(a) over 3M's claims under state law.

7. This Court has personal jurisdiction over Defendants because: (a) Defendants do business in the State of Minnesota; (b) upon information and belief, Defendants offer for sale and sell, advertise, and promote the products bearing the infringing mark at issue in the case in Minnesota, including on a website accessible in Minnesota; and (c) Defendants have committed intentional torts expressly aimed at 3M, a Minnesota-based company, and the resulting harm caused by the intentional torts was suffered in Minnesota.

8. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b).

## **3M'S COLOR BLUE MARK**

9.      3M Company introduced a premium quality UV-resistant painter's masking tape ("painter's tape"), blue in color, in 1987 ("3M Blue Tape"). 3M Blue Tape currently has the following appearance in packaging:



10.     3M Blue Tape was a result of 3M Company's drive to create innovative and useful new products. It was a revolutionary product. As a result, 3M Blue Tape has been an extremely successful product in the marketplace.

11.     3M Company has continuously used the color medium blue in connection with 3M Blue Tape since its introduction in 1987.

12.     The medium blue color of 3M Blue Tape is a protectable trademark ("Color Medium Blue Mark") for painter's tape. This mark is owned by 3M Company.

13.     As a result of the long use and promotion of the Color Medium Blue Mark by 3M Company, that mark has become distinctive to designate 3M Company, to distinguish 3M Company and its products from the products of other businesses, and to distinguish the source or origin of 3M Blue Tape products. As a result of these efforts by 3M Company, the consuming public in Minnesota and elsewhere widely recognizes and associates the Color Medium Blue Mark with 3M Company and its products.

14. As a result of 3M Company's long use and promotion of the Color Medium Blue Mark in Minnesota and elsewhere, 3M Company has developed great and valuable goodwill and has acquired valuable common law rights in the Color Medium Blue Mark.

15. The Color Medium Blue Mark is famous in the painting and construction industries as well as among the general consuming public.

16. In accordance with federal law, 3M Company has registered the Color Medium Blue Mark on the Principal Register of the United States Patent and Trademark Office.  A copy of U.S. Registration No. 2,176,916 is attached hereto as Exhibit 1.  3M's registration is valid and subsisting and is incontestable pursuant to 15 U.S.C. § 1065.

**DEFENDANTS AND THEIR ACTIVITIES**

17. Defendants are engaged in the business of manufacturing, marketing, distributing, and selling a variety of pressure sensitive tapes, including painter's tape ("Defendants' Goods").  Defendants' Goods were recently sold under the name "Central Flex® Painter's Tape," which had the following appearance in its packaging:



On information and belief, Defendants' Goods are now currently sold under the name "HFT Blue Painter's Tape," which has the following appearance in its packaging:



18. Defendants selected a blue color strikingly similar to 3M's Color Medium Blue Mark for use in connection with Defendants' Goods.



**3M**                                                                 **HFT**

19. Defendants sell Defendants' Goods in commerce in competition with 3M Medium Blue Tape.

20. Defendants use the color medium blue in the manufacturing, marketing, distribution and sale of Defendants' Goods.

21. Defendants' first sale of Defendants' Goods using the color medium blue commenced long after 3M Company's first use of its Color Medium Blue Mark.

22. Defendants did not ask for or obtain 3M Company's permission to use the color medium blue in connection with Defendants' Goods.

23. Defendants are now selling Defendants' Goods in commerce in the United States, and in this District, in direct competition with the 3M Blue Tape and thereby trading on 3M Company's immense goodwill in the Color Medium Blue Mark.

### EFFECT OF DEFENDANTS' ACTIVITIES ON THE CONSUMING PUBLIC AND/OR 3M COMPANY

24. Defendants' unauthorized use of a color confusingly similar to the Color Medium Blue Mark in the manner described above is likely to cause confusion, to cause mistake, and/or to deceive customers and potential customers of the parties, at least as to some affiliation, connection or association of Defendants with 3M Company, or as to the origin, sponsorship, or approval of Defendants' Goods by 3M Company.

25. Defendants' unauthorized use of a color confusingly similar to the Color Medium Blue Mark in the manner described above falsely indicates to the purchasing public that Defendants' Goods originate with 3M Company, or are affiliated, connected or associated with 3M Company, or are sponsored, endorsed, or approved by 3M Company, or are in some manner related to 3M Company and/or its products.

26. Defendants' unauthorized use of a color confusingly similar to the Color Medium Blue Mark in the manner described above falsely designates the origin of Defendants' Goods, and falsely and misleadingly describes and represents facts with respect to Defendants and Defendants' Goods.

27. Defendants' unauthorized use of a color confusingly similar to the Color Medium Blue Mark in the manner described above enables them to trade on and receive the benefit of goodwill in that mark, which 3M Company has built up at great labor and

expense over many years. Defendants' unauthorized use also enables them to gain acceptance for their own goods, not solely on their own merits, but on the reputation and goodwill of 3M Company and its Color Medium Blue Mark.

28. Defendants' activities are likely to cause dilution of, and are causing dilution of, the distinctive quality of 3M Company's famous Color Medium Blue Mark.

29. Defendants' unauthorized use of a color confusingly similar to the Color Medium Blue Mark in the manner described above began after that mark had become famous.

30. Defendants' unauthorized use of a color confusingly similar to the Color Medium Blue Mark in the manner described above unjustly enriches Defendants at 3M Company's expense.

31. Defendants' unauthorized use of a color confusingly similar to the Color Medium Blue Mark in the manner described above removes from 3M Company the ability to control the nature and quality of products provided under that mark and places the valuable reputation and goodwill of 3M Company in the hands of Defendants, over whom 3M Company has no control.

32. Defendants' activities have caused irreparable injury to 3M Company and, unless restrained by this Court, will continue to cause irreparable injury to 3M and to the public. There is no adequate remedy at law for this injury.

33. Defendants' unauthorized use of a color confusingly similar to the Color Medium Blue Mark and continuing distribution of Defendants' Goods with knowledge of 3M Company's long prior use of its Color Medium Blue Mark and rights arising

therefrom makes this an exceptional case within the meaning of 15 U.S.C. §§ 1117(a) and 1125(c)(2).

## COUNT I: FEDERAL TRADEMARK INFRINGEMENT

34.     3M Company repeats the allegations above as if fully set forth herein.

35.     The acts of Defendants complained of herein constitute infringement of 3M Company's federally registered Color Medium Blue Mark in violation of 15 U.S.C. § 1114(1).

## COUNT II: FEDERAL UNFAIR COMPETITION

36.     3M Company repeats the allegations above as if fully set forth herein.

37.     The acts of Defendants complained of herein constitute trademark infringement and unfair competition in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

## COUNT III: FEDERAL DILUTION

38.     3M Company repeats the allegations above as if fully set forth herein.

39.     The acts of Defendants complained of herein are likely to cause dilution of the distinctive quality of 3M's Color Medium Blue Mark, in violation of the Federal Trademark Dilution Act, 15 U.S.C. § 1125(c).

## COUNT IV: COMMON LAW TRADEMARK INFRINGEMENT

40.     3M Company repeats the allegations above as if fully set forth herein.

41.     The acts of Defendants complained of herein constitute trademark infringement in violation of the common law of Minnesota and other states where

Defendants are conducting their activities.

## COUNT V: DILUTION UNDER STATE LAW

42. 3M Company repeats the allegations above as if fully set forth herein.

43. The acts of Defendants complained of herein constitute dilution of 3M Company's Color Medium Blue Mark in violation of the Minnesota Anti-Dilution Statute, Minn. Stat. Ann. § 333.285, and the dilution statutes of other states where Defendants are conducting their activities.

## COUNT VI: UNJUST ENRICHMENT

44. 3M Company repeats the allegations above as if fully set forth herein.

45. The acts of Defendants complained of herein constitute unjust enrichment of Defendants at 3M Company's expense.

## PRAYER

WHEREFORE, 3M Company prays that:

(a) Defendants, their officers, agents, servants, employees, attorneys, and all those persons in active concert or participation with them, be permanently enjoined and restrained from using in connection with Defendants' Goods, the Color Medium Blue Mark, or any other color that is less than a safe distance away or in any way confusingly similar to 3M Company's Color Medium Blue Mark, or that is likely to dilute the distinctive quality thereof;

(b) Defendants, their officers, agents, servants, employees, attorneys, and all those persons in active concert or participation with them, be required to deliver to the Court for destruction, or show proof of destruction of, any

and all products, labels, signs, prints, packages, wrappers, receptacles, marketing materials and advertisements in Defendants' possession or control which use or depict the Color Medium Blue Mark, or any color that is less than a safe distance away or in any way confusingly similar to 3M Company's Color Medium Blue Mark, or that is likely to dilute the distinctive quality thereof;

(c) Defendants be ordered to file with this Court and to serve upon 3M Company, within thirty (30) days after the entry and service on Defendants of an injunction, a report in writing and under oath setting forth in detail the manner and form in which Defendants have complied with the injunction;

(d) 3M Company recover all damages it has sustained as a result of Defendants' activities and that said damages be trebled;

(e) An accounting be directed to determine Defendants' profits resulting from its activities and that such profits be paid over to 3M Company, increased as the Court finds to be just under the circumstances of this case;

(f) 3M Company recover its reasonable attorney fees;

(g) 3M Company recover its costs of this action and prejudgment and post-judgment interest; and

(h) 3M Company recover such other relief as the Court may deem appropriate.

## JURY TRIAL DEMANDED

Pursuant to Fed. R. Civ. P. 38, 3M demands a trial by jury of all issues so triable.

| | |
|---|---|
| Dated: July 1, 2011. | /s/Timothy M. Kenny<br>Timothy M. Kenny, #247716<br>Laura J. Borst, #032548X<br>FULBRIGHT & JAWORSKI L.L.P.<br>2100 IDS Center<br>80 South Eighth Street<br>Minneapolis, Minnesota 55402<br>(612) 321-2800<br><br>Hildy Bowbeer, #0063691<br>3M INNOVATIVE PROPERTIES COMPANY<br>3M CENTER, 220-9E-01<br>St. Paul, MN 55144<br>(651) 737-3194<br><br>ATTORNEYS FOR PLAINTIFF 3M COMPANY |