UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| 3M COMPANY,<br>        Plaintiff,<br><br>    v.<br><br>CENTRAL PURCHASING, LLC AND<br>HARBOR FREIGHT TOOLS USA, INC.,<br>        Defendants,<br><br>_____<br><br>CENTRAL PURCHASING, LLC AND<br>HARBOR FREIGHT TOOLS USA, INC.,<br>        Counter-Plaintiffs,<br><br>    v.<br><br>3M COMPANY,<br>        Counter-Defendant. | Case No. 11-cv-1757 MJD/FLN |

## **DEFENDANTS' ANSWER, AFFIRMATIVE DEFENSES AND COUNTERCLAIM**

Defendants Central Purchasing, LLC ("Central Purchasing") and Harbor Freight Tools USA, Inc. ("Harbor Freight Tools") (collectively, "Defendants" or "Counter-Plaintiffs") respond as follows to the Complaint of 3M Company ("3M" or "Counter-Defendant").

### GENERAL DENIAL

Unless specifically admitted below, Defendants deny each and every allegation in 3M's Complaint.

-2-

## PARTIES

1. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 1, and therefore deny those allegations.

2. Admitted.

3. Admitted.

4. Denied.

## NATURE OF THIS ACTION; JURISDICTION OF THE COURT; VENUE

5. Defendants admit that the Complaint purports to allege causes of action for trademark infringement, dilution, and unfair competition under various federal and state statutes, and common law, but deny that the causes of action have merit.

6. Defendants admit that the Court has jurisdiction over the subject matter of this action.

7. Defendants admit that the Court has personal jurisdiction over Defendants. Defendants deny the remaining allegations of Paragraph 7.

8. Admitted.

## 3M'S COLOR BLUE MARK

9. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 9, and therefore deny those allegations.

10. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 10, and therefore deny those allegations.

11. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 11, and therefore deny those allegations.

12. Denied.

13. Denied.

14. Denied.

15. Denied.

16. Defendants admit that according to the records of the U.S.P.T.O., 3M owns U.S. Trademark Reg. No. 2,176,916. Defendants deny that that the registration is valid or that the alleged Color Medium Blue Mark is a valid trademark.

**DEFENDANTS AND THEIR ACTIVITIES**

17. Defendants admit that they are engaged in the business of marketing, distributing, and selling a variety of products, including painter's tape sold under the names "Central Flex" and "HFT" as depicted in Paragraph 17 of the Complaint. Defendants deny the remaining allegations of Paragraph 17.

18. Denied.

19. Admitted.

20. Defendants admit that they sell blue painter's tape. Defendants deny the remaining allegations of Paragraph 20.

21. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 21, and therefore deny those allegations.

22. Defendants admit that they did not ask for or obtain 3M's permission to sell blue painter's tape, but deny that they were required to do so.

23. Defendants admit that they sell blue painter's tape in commerce in competition with 3M. Defendants deny the remaining allegations of Paragraph 23.

## EFFECT OF DEFENDANTS' ACTIVITIES ON THE CONSUMING PUBLIC AND/OR 3M COMPANY

24. Denied.

25. Denied.

26. Denied.

27. Denied.

28. Denied.

29. Denied.

30. Denied.

31. Denied.

32. Denied.

33. Denied.

## COUNT I: FEDERAL TRADEMARK INFRINGEMENT

34. Defendants repeat, as if fully set forth again, their answers to Paragraphs 1-33.

35. Denied.

## COUNT II: FEDERAL UNFAIR COMPETITION

36. Defendants repeat, as if fully set forth again, their answers to Paragraphs 1-35.

37. Denied.

## COUNT III: FEDERAL DILUTION

38. Defendants repeat, as if fully set forth again, their answers to Paragraphs 1-37.

39. Denied.

## COUNT IV: COMMON LAW TRADEMARK INFRINGEMENT

40. Defendants repeat, as if fully set forth again, their answers to Paragraphs 1-39.

41. Denied.

## COUNT V: DILUTION UNDER STATE LAW

42. Defendants repeat, as if fully set forth again, their answers to Paragraphs 1-41.

43. Denied.

## COUNT VI: UNJUST ENRICHMENT

44. Defendants repeat, as if fully set forth again, their answers to Paragraphs 1-43.

45. Denied.

## AFFIRMATIVE DEFENSES
## FIRST AFFIRMATIVE DEFENSE
## TRADEMARK INVALIDITY – GENERIC

46.     The color blue does not serve as a trademark in connection with painter's tape. Color is used in connection with tape products to indicate the type, genus, or class of the tape. For example, the color black indicates that the tape product is electrical tape. The color silver/gray indicates that the tape product is duct tape. Similarly, the color blue indicates that the tape product is painter's tape. Many third parties have used and are continuing to use the color blue in connection with painter's tape. As a result of this widespread use, the consuming public does not associate blue colored painter's tape with a single source. The color blue indicates a type, genus, or class of the tape product, namely, that it is painter's tape. 3M's purported color blue trademark is generic. 15 U.S.C. § 1065(4).

## SECOND AFFIRMATIVE DEFENSE
## TRADEMARK INVALIDITY – FUNCTIONALITY

47.     3M's alleged color blue trademark is functional under the trademark laws. The color blue does not serve as a trademark in connection with painter's tape. Color is used in connection with tape products to indicate the style or genus of the tape. For example, the color black indicates that the tape product is electrical tape. The color silver/gray indicates that the tape product is duct tape. Similarly, the color blue indicates that the tape product is painter's tape. It is essential to the use or purpose of the product. Moreover, competitors need to use the color blue to effectively compete with 3M in the painter's tape market. 3M's exclusive use of the color blue in connection with painter's

tape would place its competitors at a distinct non-reputation-based competitive disadvantage.  3M's purported color blue trademark is functional.  15 U.S.C. § 1115(b)(8).

## THIRD AFFIRMATIVE DEFENSE
## TRADEMARK ABANDONMENT

48.	3M has abandoned any trademark rights in the color blue trademark.  Even assuming that 3M's use of the color blue in connection with painter's tape once functioned as a trademark, it has been abandoned.  Various third parties have used and continue to use the color blue in connection with painter's tape.  As a result, consumers have correctly come to believe that blue colored painter's tape comes from a variety of sources.  This violates the well-established rule that trademarks must identify a single source.

49.	As a result of this widespread third-party use, and 3M's failure to take adequate action against such use, 3M has abandoned its color blue trademark within the meaning of Section 45 of the Lanham Act, 15 U.S.C. § 1127, in that the course of conduct of the owner, including acts of omission as well as commission, have caused the color blue to lose its significance as a mark, assuming that the color had any such significance in the first place.  15 U.S.C. § 1115(b)(2).

## FOURTH AFFIRMATIVE DEFENSE
## NO LIKELIHOOD OF CONFUSION

50.	Consumers are unlikely to be confused as to the source, sponsorship, or approval of Defendants' blue colored painter's tape.  Among other reasons, Defendants' blue colored painter's tape is sold in packaging that prominently displays a word

trademark, such as "HFT" or "CENTRAL FLEX," that consumers refer to in identifying the source of the goods. "HFT" and "CENTRAL FLEX" are house marks for Defendants' products, which are only sold in HARBOR FREIGHT retail stores or websites. In light of Defendants' use of prominent word marks as source-identifying trademarks, the color of the painter's tape does not serve as an indication of source with respect to these goods. Defendants' prominent use of its house marks in connection with its painter's tape products prevents any likelihood of confusion.

## FIFTH AFFIRMATIVE DEFENSE
## THE MARK IS NOT FAMOUS

51. 3M's color blue trademark is not famous for federal trademark dilution purposes, 15 U.S.C. § 1125(c), which requires that a mark be widely recognized by the general consuming public of the United States as a designation of source of the goods of the mark's owner. Similarly, 3M's color blue trademark is not famous in the state of Minnesota for purposes of the Minnesota Anti-Dilution Statute, Minn. Stat. Ann. § 333.285.

## SIXTH AFFIRMATIVE DEFENSE
## FAIR USE UNDER THE TRADEMARK LAWS

52. The color blue is a commonly-used and non-distinctive color in connection with tape, which identifies the tape product as painter's tape.

53. Defendants used the color blue in a non-trademark manner, in good faith, to identify and describe their accused tape products as painter's tape.

54. As a result, Defendants' use of the accused color blue in connection with painter's tape is a fair use under the trademark laws. 15 U.S.C. § 1115(b)(4).

### SEVENTH AFFIRMATIVE DEFENSE
### FAILURE TO STATE A CLAIM

55. 3M's purported color blue trademark is generic and functional with respect to painter's tape. It is not a valid or protectable trademark. As a result, 3M's Complaint fails to state a claim because each pleaded ground for relief requires a valid trademark.

### EIGHTH AFFIRMATIVE DEFENSE
### EQUITABLE DEFENSES

56. Due to 3M's failure to adequately enforce its purported blue color trademark against Defendants and other third parties who use the color blue in connection with painter's tape, 3M's relief requested in its Complaint is barred by the equitable defenses of laches, estoppel, waiver, and acquiescence. 15 U.S.C. § 1115(b)(9).

WHEREFORE, Defendants respectfully request the Court to dismiss 3M's Complaint with prejudice, to award Defendants their costs and attorney's fees in connection with this action, and to award such other relief as it deems appropriate.

### COUNTERCLAIM

For their counterclaim against Counter-Defendant 3M, Counter-Plaintiffs allege as follows:

1. Counter-Plaintiffs' counterclaim seeks cancellation of 3M's federal trademark registration for the color medium blue, U.S.P.T.O. Reg. No. 2,176,916, covering "premium-quality masking tape," which issued on July 28, 1998 ("color blue trademark"). The color blue trademark should never have issued, and should be cancelled, because it is generic and functional when used in connection with the goods identified in the registration. Moreover, 3M has abandoned its rights in the color blue

trademark. Counter-Plaintiffs also seek a declaration from the Court holding 3M's color blue trademark invalid under common law.

2. Counter-Plaintiffs' counterclaims arise under the Lanham Act, 15 U.S.C. § 1051 et seq., and the Declaratory Judgment Act, 28 U.S.C. § 2201. An actual controversy exists between the parties.

3. This Court has jurisdiction over this counterclaim pursuant to 28 U.S.C. §§ 1331 and 1338, and 28 U.S.C. § 2201. This Court has the power to order the cancellation of the color blue trademark registration pursuant to 15 U.S.C. § 1119.

4. 3M has asserted the color blue trademark against Counter-Plaintiffs by bringing this action alleging, *inter alia*, that Counter-Plaintiffs have violated 3M's purported trademark rights in the color blue trademark in violation of the Lanham Act federal trademark statute, state law, and common law. Counter-Plaintffs are thus being damaged by 3M's registration of the color blue trademark.

5. 3M's purported color blue trademark is generic. The color blue does not serve as a trademark in connection with painter's tape. Color is used in connection with tape products to indicate the type, genus, or class of the tape. For example, the color black indicates that the tape product is electrical tape. The color silver/gray indicates that the tape product is duct tape. Similarly, the color blue indicates that the tape product is painter's tape. Many third parties have used and are continuing to use the color blue in connection with painter's tape. As a result of this widespread use, the consuming public does not associate blue colored painter's tape with a single source. The color blue indicates the type, genus, or class of the tape product, namely, that it is painter's tape.

3M's purported color blue trademark is generic and is therefore subject to cancellation under Section 14(3) of the Lanham Act, 15 U.S.C. § 1064(3).

6.  3M's purported color blue trademark is functional. The color blue does not serve as a trademark in connection with painter's tape. Color is used in connection with tape products to indicate the style or genus of the tape. For example, the color black indicates that the tape product is electrical tape. The color silver/gray indicates that the tape product is duct tape. Similarly, the color blue indicates that the tape product is painter's tape. It is essential to the use or purpose of the product. Moreover, competitors need to use the color blue to effectively compete with 3M in the painter's tape market. 3M's exclusive use of the color blue in connection with painter's tape would place its competitors at a distinct non-reputation-based competitive disadvantage. 3M's purported color blue trademark is functional and is therefore subject to cancellation under Section 14(3) of the Lanham Act, 15 U.S.C. § 1064(3).

7.  3M has abandoned any trademark rights it may have had in the color blue trademark. Many third parties have used and are continuing to use the color blue in connection with painter's tape. As a result of this widespread third-party use, and 3M's failure to take adequate action against such use, 3M has abandoned its color blue trademark within the meaning of Section 45 of the Lanham Act, 15 U.S.C. § 1127. The color blue trademark registration is subject to cancellation under Section 14(3) of the Lanham Act, 15 U.S.C. § 1064(3), in that the course of conduct of the owner, including acts of omission as well as commission, have caused the color blue to lose its significance as a mark, assuming that the color had any such significance in the first place.

8.      The color blue trademark is generic and functional when used in connection with the goods identified in U.S.P.T.O. Reg. No. 2,176,916.  Moreover, 3M has abandoned any trademark rights it may have had in the color blue trademark.  Under these circumstances, the continued registration of the color blue trademark by 3M in connection with the involved goods seriously damages Counter-Plaintiffs.  As a result, the registration should be cancelled pursuant to Section 37 of the Lanham Act, 15 U.S.C. § 1119.

## PRAYER FOR RELIEF

WHEREFORE, Counter-Plaintiffs pray for the following relief:

1.      That the Court order cancellation of U.S.P.T.O. Reg. No. 2,176,916 pursuant to Section 37 of the Lanham Act, 15 U.S.C. § 1119.

2.      That this Court enter judgment declaring and adjudging 3M's color blue trademark to be invalid and unenforceable.

3.      That this Court enter judgment declaring and adjudging that Counter-Plaintiffs' use of the color blue in connection with painter's tape does not constitute trademark infringement, dilution, or unfair competition or deceptive trade practices with respect to 3M's purported blue color trademark.

4.      That this Court grant Counter-Plaintiffs such other relief as it deems just.

Dated: September 26, 2011         RESPECTFULLY SUBMITTED,

**CENTRAL PURCHASING, LLC AND**
**HARBOR FREIGHT TOOLS USA, INC.**

By:   s/ Michael C. Lindberg
        One of their attorneys

        Michael C. Lindberg, #63307
        JOHNSON & LINDBERG, P.A.
        7900 International Drive
        Suite 960
        Minneapolis, MN  55425-1582
        Telephone: (952) 851-0700
        Direct Line: (952) 956-6200
        Facsimile: (952) 851-0900
        mlindberg@johnsonlindberg.com

OF COUNSEL:

Thomas M. Williams (*Pro Hac Vice* pending)
Scott Sakiyama (*Pro Hac Vice* pending)
WINSTON & STRAWN LLP
35 West Wacker Drive
Chicago, IL 60601
Telephone: (312) 558-5600
Facsimile: (312) 558-5700
tmwilliams@winston.com
ssakiyama@winston.com

## **CERTIFICATE OF SERVICE**

The undersigned counsel hereby certifies that on September 26, 2011, a true and correct copy of **DEFENDANTS' ANSWER, AFFIRMATIVE DEFENSES AND COUNTERCLAIM** was filed with the Court's CM/ECF system, which will send electronic notice to all attorneys of record.

                                                                    __ s/ Michael C. Lindberg__

CHI:2577453.1